# United States District Court
## for the Northern District of Oklahoma

Case No. 18-CV-504-JDR-CDL

Paul Iser and Donna Iser, *individually and as husband and wife*,

*Plaintiffs*,

versus

CSAA Fire and Casualty Insurance Company,

*Defendant*.

## OPINION AND ORDER

Plaintiffs Paul and Donna Iser have filed a motion in limine seeking to preclude certain categories of evidence at trial. Dkt. 68. CSAA contests the motion. Dkt. Nos. 77-81. The motions have been fully briefed and are ripe for review.

The Court begins with the Isers' first motion, which seeks to prevent CSAA from using a definition for the term surface water, which is undefined in the policy, that differs from a normal or customary understanding. Dkt. 68 at 5-6. The Isers ask the court to adopt a definition that does not include lakes. *Id.* at 6 (quoting *Okla. Water Res. Bd. v. Cent. Okla. Master Conservancy Dist.*, 464 P.2d 748, 751 (Okla. 1968)). CSAA argues that the normal and customary meaning includes lakes. Dkt. 77 at 3.

In the previously filed Order denying CSAA's motion for summary judgment, the Court held that the term surface water is not ambiguous simply because it was undefined in the policy and that the generally accepted meaning of the term in the context of an insurance policy does not include lakes.

Dkt. 96 at 7-8. Other courts have reached similar conclusions.[1] Because the Court has already made a ruling on the definition of surface water, the Isers' first motion in limine is DENIED as MOOT.

In their second motion in limine, the Isers seek to exclude any argument by CSAA that it has complied with its claim handling guidelines or standards because the guidelines were never produced.[2] Dkt. 68 at 7-9. CSAA maintains that the guidelines and training materials were never produced because the Iser's request was overbroad, failing to identify the type of claim manuals requested. Dkt. 78 at 3. CSAA argues that it should be able to discuss written training materials and any informal or on-the-job training because the Isers never requested a meet and confer nor did they file a motion to compel the requested materials. *Id.*

"Part of the Court's goal in ruling on motions in limine is to streamline trial and limit surprise. The notion that previously undisclosed evidence

---

[1] *See, e.g.*, *Corp. Lakes Prop., LLC v. AmGuard Ins. Co.*, 649 F.Supp.3d 1143, 1148-49 (D. Kan. 2023) ("The phrase 'surface water' is ordinarily understood to mean '[w]ater lying on the surface of the earth but not forming part of a watercourse or lake.'" (quoting Black's Law Dictionary (11th ed. 2019); 11 Couch on Insurance § 153.50 (3d ed. 2022) ("Surface water is water diffused over the surface of the land. Any water on the earth's surface, including water from rising groundwater, may be surface water unless or until it forms some more definite body of water."))); *Richards v. State Farm Fire & Cas. Co.*, 585 F.Supp.3d 1083, 1089 (W.D. Tenn. 2022) (surface water ordinarily means "water lying on the surface of the earth but not forming part of a watercourse or lake"); *Gannon v. Rumbaugh*, 772 N.W.2d 258, 263 (Iowa Ct. App. 2009) (surface waters are "distinguished from water of creeks, streams, rivers, ponds, and lakes having a substantially definite location"); *State Farm Fire & Cas. Co. v. Paulson*, 756 P.2d 764, 771-72 (Wyo. 1988) (surface water plainly means "water on the surface, other than in streams, lakes and ponds").

[2] The Isers ask the Court to compel production of the guidelines and grant leave to conduct additional limited discovery. Dkt. 68 at 8. This request does not comply with Federal Rule of Civil Procedure 37(a)(1). Further, discovery in this case closed on September 8, 2020. Dkt. 49. The Court will not grant the Isers' request because a motion in limine is not a "proper vehicle to seek relief on such a discovery dispute." *Smithwick v. BNSF Ry. Co.*, No. CIV-18-160-G, 2021 WL 1976853, at *2 (W.D. Okla. May 17, 2021); *see also Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130-31 (10th Cir. 2018); *see also Simpson v. Saks Fifth Ave., Inc.*, No. 07-CV-0157-CVE-PJC, 2008 WL 3388739, at *8 n.9 (N.D. Okla. Aug. 8, 2008).

No. 18-CV-504

could be introduced at trial runs afoul of both these goals." *Lancaster v. Goodman Real Estate, Inc.*, No. 20-1156 KG/LF, 2023 WL 112321, at *2 (D.N.M. Jan. 5, 2023). Further, Federal Rule of Civil Procedure 37(c)(1), does not allow a party who fails to provide required information "to use that information …at trial[] unless the failure was substantially justified or is harmless." *See Perez v. El Tequila, LLC*, Case No. 12-CV-588-JED-PJC, 2015 WL 11144033, at *2 (N.D. Okla. July 20, 2015) (granting a motion in limine to exclude records that were not produced during discovery). CSAA fails to argue that the non-disclosure of the claim handling guidelines was substantially justified or is harmless, arguing instead that the Isers' request was overbroad.

Because the written guidelines were never produced, the written claim handling guidelines cannot be used as evidence by either party at trial. If CSAA wishes to introduce unwritten claim handling guidelines or secondary evidence of the written claim handling guidelines at trial, it will bear the burden of establishing admissibility under Federal Rule of Evidence 1002.[3] CSAA should seek counsel of the Court if it wishes to introduce evidence of unwritten internal claim handling procedures or standards that were discussed during depositions. The Isers' motion in limine regarding the CSAA's claim handling guidelines and standards is GRANTED in part and DENIED in part.

The Isers also seek to prevent CSAA from referencing their wealth, net worth, or property value during trial. Dkt. 68 at 9-10. They argue that this evidence is irrelevant and prejudicial. *Id.* at 10. CSAA responds that it has no intention of disclosing the nature and extent of the Isers' wealth unless the Isers seek damages for financial losses, embarrassment, loss of reputation, and mental distress related to their bad faith claim. Dkt. 79 at 2.

The Tenth Circuit has generally held that "[r]eference to the wealth or poverty of either party, or reflection on financial disparity, is clearly

---

[3] The best evidence rule states that "[a]n original writing…is required in order to prove its content unless" an exception applies.

improper argument." *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) (collecting cases). But offering evidence of a party's wealth to "improperly appeal to a jury's potential class prejudice" can be easily distinguished from similar evidence offered to dispute plaintiff's claim for bad faith damages. *Brown v. State Farm Fire & Cas. Co.*, 20-CV-0418-CVE-JFJ, 2022 WL 875648, at *9 (N.D. Okla. Mar. 23, 2022); *Blankenship v. Rowntree*, 219 F.2d 597, 598 (10th Cir. 1955) (recognizing an exception to the general rule "where position or wealth is necessarily involved in determining damages sustained"). "[P]laintiffs' financial condition may be relevant to the extent of bad faith damages, including: stress, anxiety, and uncertainty." *Brown*, 2022 WL 875648, at *9 (providing the example that "the prospect of [the Insurer] not covering the roof replacement cost may be far more stressful or anxiety-inducing for a plaintiff who is otherwise unable to afford a roof replacement, and is thus helpless in the face of the inevitable premature deterioration and failure of his roof"). Accordingly, The Isers' motion in limine is GRANTED in part and DENIED in part. CSAA will be permitted to discuss the Isers' financial condition as it relates to their claim for bad faith damages only.

In their fourth motion in limine, the Isers seek to exclude the testimony of any witnesses that CSAA has not disclosed. Dkt. 68 at 10. They argue that introduction of undisclosed witnesses would operate as an abuse of the discovery process and would result in unfair surprise. *Id.* CSAA states that both parties have exchanged witness lists and that it "does not currently intend to exceed the scope of the deposition testimony of any witness in this case or the information contained in the claim file." Dkt. 80 at 1. Because both parties agree that no undisclosed witnesses will testify at trial, the Isers' motion in limine is DENIED as MOOT.

The Isers' fifth and final motion in limine seeks to prevent CSAA from introducing evidence of their previous lawsuit against another insurance company, specifically the 2016 case against Farmers Insurance Company,

Inc., because it is irrelevant and prejudicial. Dkt. 68 at 11. CSAA asserts that the Isers' lawsuit against Farmers, which settled in 2018, is especially relevant to the present case because the Isers also sought damages for embarrassment, anxiety, frustration, and mental and emotional distress in that lawsuit. Dkt. 81 at 1-2. Thus, CSAA argues, because the timeframe of the two claims and lawsuits overlap, the Isers essentially have a "pre-existing condition" and would be required to identify the emotional distress caused by each separate lawsuit. *Id.* at 2. In reply, the Isers maintain that Oklahoma law does not require them to identify what specific distress is attributable to which specific claim or lawsuit. No. 87 at 5.

To determine whether evidence of other acts—or in this case, previous litigation—is admissible, the Tenth Circuit applies a four-part test:

(1) the evidence must be offered for a proper purpose;
(2) the evidence must be relevant;
(3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice (Fed. R. Evid. 403); and
(4) the jury must be given the proper limiting instructions upon request.

*Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-00329-JD, 2020 WL 1056306, at *2 (W.D. Okla. Mar. 4, 2020) (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1227 (10th Cir. 2000)). It is well settled that introduction of the Farmers litigation to show that the Isers are "litigious" is an improper purpose and would be unduly prejudicial. *See, e.g., Hellard v. Mid Century Ins. Co.*, No. 19-CV-00043-GKF-CDL, 2021 WL 4993961, at *4 (N.D. Okla. Feb. 19, 2021) (citing *Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162, at *5 (10th Cir. 2000) (unpublished table decision)); *see also Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1278 (10th Cir. 1999). But because the timeframe of the two insurance claims and litigation overlap, evidence of the Farmers litigation may serve a proper purpose in this litigation to distinguish the mental and

No. 18-CV-504

emotional distress attributable to the separate claims and lawsuits. At trial, CSAA must demonstrate to the Court that the evidence is relevant and not unduly prejudicial to the Isers. The Court RESERVES RULING on the Isers' motion in limine to preclude evidence of their Farmers lawsuit.

For the reasons discussed above, the Court disposes of the Isers' motions in limine as follows:

Motion in Limine No. 1 is DENIED as moot;

Motion in Limine No. 2 is GRANTED in part and DENIED in part;

Motion in Limine No. 3 is GRANTED in part and DENIED in part;

Motion in Limine No. 4 is DENIED as moot;

Motion in Limine No. 5 is RESERVED for trial.

For the motions denied or reserved, the Court's rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve such challenges for appeal.

DATED this 4th day of April 2024.

JOHN D. RUSSELL
*United States District Judge*